Charles R. Jacob III
Dana B. Zimmerman
Haynee C. Kang
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BUCHWALD

07 CV 10931

| | |
|---|---|
| TERWIN ADVISORS LLC,<br><br>       Plaintiff,<br><br> -against-<br><br>WESTSTAR MORTGAGE, INC.,<br><br>       Defendant. | 07 Civ. _____ (   )<br><br>**COMPLAINT** |

Plaintiff Terwin Advisors LLC ("Terwin"), by its attorneys Miller & Wrubel P.C., as and for its Complaint against defendant alleges as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

#### The Parties

1. Terwin is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 45 Rockefeller Plaza, Suite 420, New York, New York 10111. Terwin is engaged in the business of, inter alia, purchasing, trading and securitizing mortgages.

2. Terwin is a citizen of New York, New Jersey and California for purposes of 28 U.S.C. § 1332. Terwin's members, and the members of LLCs that are

members of Terwin, are citizens of New York, New Jersey and California. None is a citizen of Virginia.

3.      On information and belief, defendant Weststar Mortgage, Inc. ("Weststar") is a corporation organized under the laws of the State of Virginia with its principal place of business at 3350 Commission Court, Woodbridge, VA 22192. On further information and belief, Weststar is engaged in the business of, <u>inter alia</u>, originating and selling mortgages.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Weststar consented to venue in this Court, a substantial part of the events and omissions giving rise to the claim occurred in this District, a substantial part of the property that is the subject of this action is situated in this District and Weststar is subject to personal jurisdiction in this District.

6.      Weststar is subject to personal jurisdiction in this Court because, as more fully set forth below, it consented to jurisdiction in the State and County of New York, transacted business in the State of New York and contracted to supply goods and services in the State of New York.

## Weststar's Breach
## of the Purchase Agreement

### A. The Purchase Agreement

7. On or about October 1, 2004, Terwin and Weststar entered into a Seller's Purchase, Warranties and Interim Servicing Agreement, dated as of October 1, 2004, as amended and supplemented from time to time (collectively the "Purchase Agreement"). The Purchase Agreement includes a written Amendment No. 1 (the "Amendment") executed on or about February 9, 2005.

8. In the Purchase Agreement, Terwin and Weststar contracted for Weststar to sell to Terwin certain Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement, and Weststar agreed to repurchase those Mortgage Loans under the circumstance referred to as "Early Payment Default" or "EPD".

### B. Consent to Jurisdiction

9. In the Amendment, Weststar expressly consented and submitted to the "exclusive general jurisdiction of the courts of the State of New York sitting in the Borough of Manhattan [and] the federal courts of the United States of America for the Southern District of New York," and waived any objection that this Court is an inconvenient forum. Moreover, the Purchase Agreement (a) was negotiated in material part in the State of New York, (b) required performance by Weststar in the form of the delivery of documents and funds, and the benefits of mortgage servicing, to Terwin at its offices in the State of New York, and (c) chose New York law as governing law for the Purchase Agreement.

### C. Weststar's Default in Its Obligation to Repurchase Early Payment Default Loans

10. Pursuant to § 3.05 of the Purchase Agreement, entitled "Repurchase of Mortgage Loans With Early Payment Defaults," Weststar agreed to repurchase from Terwin certain Mortgage Loans ("Early Payment Default Loans" or "EPD Loans") as to which there occurred payment defaults within three months after the Closing Date (as defined in the Purchase Agreement) for such Mortgage Loans. Section 3.05 of the Purchase Agreement provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due on the related Mortgage Loan immediately following the applicable Closing Date or (b) a Mortgage Loan is in bankruptcy or litigation within the first three (3) months immediately following the applicable Closing Date, the Seller [Weststar], at the Purchaser's option, shall promptly repurchase such Mortgage Loan from the Purchaser [Terwin] within five (5) Business Days of receipt of written notice from the Purchaser, in accordance with the procedures set forth in Section 3.03 hereof, however, any such repurchase shall be made at the Repurchase Price.

11. Thus, the Purchase Agreement expressly and unambiguously gave Terwin the right to cause Weststar to repurchase, and imposed on Weststar the obligation to repurchase, at the Repurchase Price, any Early Payment Default Loans as to which Terwin requested repurchase.

12. Certain of the Mortgage Loans that Terwin purchased from Weststar pursuant to the Purchase Agreement, which Mortgage Loans are identified on Exhibit A hereto, were Early Payment Default Loans, that is, Mortgage Loans as to which (a) a Mortgagor (as defined in the Purchase Agreement) was thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due on the

related Mortgage Loan immediately following the applicable Closing Date or (b) the Mortgage Loan was in bankruptcy or litigation within the first three (3) months immediately following the applicable Closing Date.

13. The Mortgage Loans listed on Exhibit A hereto are all Early Payment Default Loans as defined in the Purchase Agreement.

14. Terwin gave Weststar written notice of such Early Payment Default Loans and exercised Terwin's option to require Weststar to repurchase such Early Payment Default Loans, all in accordance with the terms of the Purchase Agreement.

15. Terwin stood ready, willing and able, at all relevant times, to reconvey the Mortgage Loans on Exhibit A to Weststar.

16. Weststar did not repurchase the Early Payment Default Loans listed on Exhibit A hereto as requested by Terwin. Therefore, Weststar is in breach of its obligations under the Purchase Agreement.

### AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract – Damages for Failure
to Repurchase Early Payment Default Loans)

17. Terwin repeats and realleges the allegations of paragraphs 1 - 16, above, as if fully set forth herein.

18. The Mortgage Loans that are the subject of this action are set forth on Exhibit A.

19. Weststar's failure to repurchase the Early Payment Default Loans listed on Exhibit A hereto, was and is a breach of the Purchase Agreement.

20. Terwin is entitled, by means of an award of damages, to be put in the same position economically that it would have been in had Weststar performed its repurchase obligations under the Purchase Agreement.

21. The aggregate realized losses suffered by Terwin for the Early Payment Default Loans, with interest through October 31, 2007, was not less than $652,558, no part of which has been paid despite demand therefor.

22. Absent Weststar's repurchase of the Early Payment Default Loans from Terwin, Terwin's damages will continually increase due to the accrual of interest on outstanding Early Payment Default Loan balances at the related Mortgage Interest Rate (as defined in the Purchase Agreement), and the expenses of owning and servicing Mortgage Loans.

23. By reason of this breach of contract, Weststar is liable to Terwin in an amount to be determined but not less than $652,558, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment. Terwin hereby tenders to Weststar the Mortgage Loans as to which a loss has not yet been realized, as set forth on Exhibit A, in return for payment of the Full Repurchase Price. Alternatively, Terwin demands judgment for its damages suffered with respect to each and every Mortgage Loan on Exhibit A not repurchased by Weststar.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Indemnification – Legal Fees and Related Costs)

24. Terwin repeats and realleges the allegations of paragraphs 1 – 24, above, as if fully set forth herein.

25. Pursuant to § 8.01 of the Purchase Agreement, Weststar expressly and unambiguously agreed to indemnify Terwin and hold Terwin harmless "against any

and all . . . losses, damages, . . . legal fees and related costs . . . and any other costs, fees and expenses that the Purchaser [Terwin] may sustain in any way related to (i) the failure of the Seller [Weststar] to observe and perform its duties, obligations, and covenants in strict compliance with the terms of this Agreement . . . ."

      26.    Pursuant to § 8.01 of the Purchase Agreement and § 7 of the Amendment, Weststar's indemnity obligation expressly includes the legal fees and court costs, and all other costs, fees and expenses, that Terwin has incurred, is incurring and will incur in connection with Weststar's failure to observe and perform its obligation to repurchase Early Payment Default Loans as set forth above, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action.

      27.    Pursuant to § 8.01 of the Purchase Agreement and § 7 of the Amendment, Weststar is liable to Terwin for all of Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred, is incurring and will incur in connection with Weststar's failure to observe and perform its obligation to repurchase Early Payment Default Loans pursuant to the Purchase Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the applicable statutory rate in New York of 9% per annum from the date each such damage or cost was incurred to the date of judgment in this action.

WHEREFORE, Terwin demands judgment in its favor and against Weststar as follows:

    (i)    on its First Cause of Action, awarding Terwin as against Weststar an amount to be determined but not less than $652,558, plus interest at the statutory rate of 9% from the date(s) of breach until

the date of judgment, in return for which payment Terwin tenders the Mortgage Loans on Exhibit A as to which no loss has been realized, or, alternatively, Terwin's damages incurred as to each such Mortgage Loan as a result of Weststar's failure to repurchase it;

(ii) on its Second Cause of Action, awarding Terwin all Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred, is incurring and will incur in connection with Weststar's failure to observe and perform its obligation to repurchase Mortgage Loans pursuant to the Purchase Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the applicable statutory rate in New York of 9% per annum from the date each such damage or cost was incurred to the date of judgment in this action; and

(iii) granting such other or further relief as the Court may deem just and proper in the circumstances.

Dated: November 30, 2007

           MILLER & WRUBEL P.C.

           By: *[signature]*
           Charles R. Jacob III
           Dana B. Zimmerman
           Haynee C. Kang
           250 Park Avenue
           New York, New York 10177
           (212) 336-3500

Attorneys for Plaintiff
Terwin Advisors LLC

Exhibit A

**Exhibit A**
**as of 10/31/07**

| twg# | lien | realized loss |
|---|---|---|
| 301817576 | 1 | 51,398 |
| 100010550 | 2 | 171,142 |
| 100026376 | 1 | 113,592 |
| 301019825 | 1 | 108,529 |
| 301257764 | 2 | 57,501 |
| 301786715 | 2 | 34,939 |
| 301786719 | 2 | 47,649 |
| 301817586 | 2 | 67,808 |