PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
106 Corporate Park Drive
Suite 401
White Plains, NY 10604
201-391-3737
Attorneys for Defendant WestStar Mortgage, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TERWIN ADVISORS LLC,   Civil Action No. 07 CV 10931 (NRB)

      Plaintiff

-against-

WESTSTAR MORTGAGE, INC.,

      Defendant.   **ANSWER**

---

Defendant, WestStar Mortgage, Inc., ("WestStar") hereby says by way of answer to plaintiff's complaint:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### The Parties

1.    WestStar lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 1 of the plaintiff's complaint. To the extent a denial is required, the allegations are denied.

2.    WestStar lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 2 of plaintiff's complaint. To the extent a denial is required, the allegations are denied.

3.    WestStar admits the allegations contained in paragraph 3 of plaintiff's complaint.

## Jurisdiction and Venue

4. WestStar admits the allegation contained in paragraph 4 of plaintiff's complaint.

5. WestStar consents to the venue of this Court in response to the allegations contained in Paragraph 5 of the Complaint.

6. WestStar submits to the personal jurisdiction of this Court in response to the allegations contained in Paragraph 6 of the Complaint.

7. WestStar admits the allegations contained in paragraph 7 of plaintiff's complaint.

8. WestStar neither admits nor denies the allegations contained in paragraph 8 of plaintiff's complaint, as the terms and conditions of the agreement speak for themselves.

9. WestStar admits the allegations contained in paragraph 9 of plaintiff's complaint.

10. WestStar neither admits nor denies the allegations contained in paragraph 10 of plaintiff's complaint, as the terms and conditions of the agreement speak for themselves.

11. WestStar neither admits nor denies the allegations contained in paragraph 11 of plaintiff's complaint, as the terms and conditions of the agreement speak for themselves.

12. WestStar lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 12 of plaintiff's complaint.

13. WestStar lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 13 of plaintiff's complaint.

14. WestStar denies the allegations contained in paragraph 14 of plaintiff's complaint.

15. WestStar denies the allegations contained in paragraph 15 of plaintiff's complaint.

16. WestStar denies the allegations contained in paragraph 16 of plaintiff's complaint.

## RESPONSE TO FIRST CAUSE OF ACTION

17. WestStar repeats and reasserts each and every response to the preceding allegations

of the complaint as if set forth at length herein.

18. WestStar lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 18 of plaintiff's complaint.

19. WestStar denies the allegations contained in paragraph 19 of plaintiff's complaint.

20. WestStar neither admits nor denies the allegations contained in paragraph 20 of plaintiff's complaint, as same constitute only legal conclusions that need not be admitted nor denied. To the extent a denial is required, the allegations are denied.

21. WestStar denies the allegations contained in paragraph 21 of plaintiff's complaint.

22. WestStar denies the allegations contained in paragraph 22 of plaintiff's complaint.

23. WestStar denies the allegations contained in paragraph 23 of plaintiff's complaint.

## RESPONSE TO SECOND CAUSE OF ACTION

24. WestStar repeats and reasserts each and every response to the preceding allegations of the complaint as if set forth at length herein.

25. WestStar neither admits nor denies the allegations contained in paragraph 25 of plaintiff's complaint, as the terms and conditions of the agreement speak for themselves.

26. WestStar neither admits nor denies the allegations contained in paragraph 26 of plaintiff's complaint, as the terms and conditions of the agreement speak for themselves.

27. WestStar neither admits nor denies the allegations contained in paragraph 27 of plaintiff's complaint, as the terms and conditions of the agreement speak for themselves.

**WHEREFORE**, defendant, WestStar Mortgage, Inc., demands the entry of judgment dismissing the claims asserted against it, and awarding said defendant the costs and disbursements of this action, plus such other and further relief as this Court may deem just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiff's claims are barred by the doctrine of estoppel based, *inter alia,* upon plaintiff's refusal to accept WestStar's previous offer to purchase the subject property, and plaintiff's delay in tendering a demand for repurchase to WestStar.

### THIRD AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff has waived its right to enforce the terms of the Purchase Agreement and request repurchase based, *inter alia*, upon plaintiff's refusal to accept WestStar's previous offer to purchase the subject property, and plaintiff's delay in tendering a demand for repurchase to WestStar.

### FOURTH AFFIRMATIVE DEFENSE
(Laches)

The plaintiff's claims are barred by the doctrines of laches based, *inter alia,* upon plaintiff's refusal to accept WestStar's previous offer to purchase the subject property, and plaintiff's delay in tendering a demand for repurchase to WestStar.

### FIFTH AFFIRMATIVE DEFENSE
(Excused Performance)

Any contractual obligations of WestStar pursuant to the Purchase Agreement are excused as a result of plaintiff's failure to accept WestStar's previous offer to purchase the subject property, and plaintiff's delay in tendering a demand for repurchase to WestStar.

### SIXTH AFFIRMATIVE DEFENSE
(Frustration of Contract)

Any attempted contractual performance by WestStar pursuant to the Purchase Agreement has been frustrated by plaintiff's failure to accept WestStar's previous offer to purchase the subject property, and plaintiff's delay in tendering a demand for repurchase to WestStar.

### SEVENTH AFFIRMATIVE DEFENSE
(Improper Notice of Default)

The plaintiff's claims for relief are barred due to its failure to provide adequate and proper notice of default of the mortgage loans, the basis of which did not correspond with the basis for default as set forth in plaintiff's complaint.

### EIGHTH AFFIRMATIVE DEFENSE
(Failure of condition precedent)

Any contractual obligations of WestStar pursuant to the Purchase Agreement were conditioned upon plaintiff performing and satisfying its material duties and obligations under the terms of the Purchase Agreement, which plaintiff failed to perform.

### NINTH AFFIRMATIVE DEFENSE
(Lack of Standing)

Upon information and belief, plaintiff sold the subject mortgage loans referenced in its complaint and no longer retains any ownership interest in such loans. Therefore, plaintiff lacks standing to assert claims.

### TENTH AFFIRMATIVE DEFENSE
(Lack of Economic Harm)

Upon information and belief, plaintiff sold the mortgage loans referenced in its complaint, no longer retains any ownership interest in such loans, and plaintiff did not suffer any economic harm as a result of any of the claims set forth in plaintiff's complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
(Delay of Notice to WestStar)

Plaintiff failed to provide prompt notice to WestStar requesting reimbursement and repurchase of the mortgages loans as required under the terms of the Purchase Agreement.

### TWELFTH AFFIRMATIVE DEFENSE
(Third Party Conduct)

Any damage caused to the plaintiff was caused by independent individuals and entities over whom WestStar had no control, nor right to control.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

To the extent that plaintiff incurred any damages, the plaintiff failed to mitigate its damages in an appropriate manner.

### FOURTEENTH AFFIRMATIVE SEPARATE DEFENSE
(Vague and Insufficient Reference to Subject Matter of the Complaint)

Plaintiff's reference to the mortgage loans at issue by reference number only is vague, incomplete and insufficient as a description of the subject matter of the complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Lack of Breach)

WestStar did not breach any contractual obligations expressed or implied or arising by operation of law.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Absence of and Speculative Damages)

Plaintiff has not been damaged by any action or inaction of WestStar, and to the extent any damage is claimed, it is too speculative as a matter of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Compliance with Laws and Standards)

WestStar complied with all applicable laws, rules and regulations, and with all industry

standards, in its dealings with plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Failure to Execute Contract)

Upon information and belief, plaintiff never executed and tendered the Purchase Agreement, and thus cannot enforce the terms of the Purchase Agreement.

## NINETEENTH AFFIRMATIVE DEFENSE
(Damages Attributable to WestStar)

Plaintiff's damages, if any, properly attributable to WestStar are less than the amount sought in the complaint.

## TWENTIETH AFFIRMATIVE DEFENSE
(Accord & Satisfaction)

The plaintiff's claims for relief are barred based on the doctrine of accord and satisfaction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
(Right to Amend)

WestStar reserves the right to amend its answer and to assert additional defenses and/or to supplement, alter or change its answer upon a revelation of more definite facts during and/or upon the completion of further discovery and investigation

PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
Attorneys for Defendant WestStar Mortgage, Inc.

Dated: January 9, 2008        By:    /s/ John R. Edwards, Jr.
                                     John R. Edwards, Jr.
                                     106 Corporate Park Drive
                                     Suite 401
                                     White Plains, NY 10604
                                     jedwards@pricemeese.com
                                     201-391-3737

## **CERTIFICATION**

I hereby certify that the within Answer is being filed with the United States District Court Southern District of New York and, and that true copies of the within papers were served upon the following:

>Charles R. Jacob III
>Dana B. Zimmerman
>Haynee C. Kang
>Miller & Wribel, P.C.
>250 Park Avenue
>New York, NY 10177

all on this 9th day of January, 2008, via Federal Express.

>PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
>Attorneys for Defendant WestStar Mortgage, Inc.

Dated: January 9, 2008   By:   /s/ John R. Edwards, Jr.
>John R. Edwards, Jr.
>106 Corporate Park Drive
>Suite 401
>White Plains, NY 10604
>jedwards@pricemeese.com
>201-391-3737

L:\JRE\Pleadings\WestStar Mtg. adv. Terwin Advisors\Answer -1-9.doc